(No. 3371—)

JOHN MCNEELY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1939.*

C. ROSS REYNOLDS, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on May 9th, 1938 the claimant was employed by the Division of Highways, Department of Public Works and Buildings of the respondent, as a laborer with Day Labor Unit B, which Unit was then laying concrete on S. B. I. Route No. 1 near Vienna, Illinois.

On the last mentioned date, while working as a puddler, and in the performance of his duties, the third finger of his right hand was accidentally cut by the sharp edge of a shovel blade in the hands of a fellow employee, causing a deep laceration. Claimant was given first-aid treatment by a division foreman, and went home for the remainder of the day. He returned to work the two following days, and at the end of the second day his services with the Division were terminated.

On May 25, 1938, at the instance of the Division, he was sent to Dr. J. W. Blanchard of Harrisburg for treatment. On June 3d the finger was operated and it was found that the extensor tendon had been severed and could not be sutured. Claimant continued to receive treatments from Dr. Blanchard until and including July 21, 1938. On August 5, 1938 claimant was sent by the Division to Dr. N. B. Thomas, orthopedic surgeon of Chicago, for examination and treatment, which treatment was continued to August 15th, when he was sent home. Claimant returned to Dr. Thomas for further treatment on October 4th, and on the following day the finger was amputated at the mid proximal phalanx. Claimant remained under the treatment of Dr. Thomas until October 13th when he again returned to his home. On November 15th he was again examined by Dr. Blanchard of Harrisburg and was pronounced able to report to work.

Respondent furnished all necessary medical, surgical and hospital services, the bills therefor aggregating $284.84, and also paid claimant compensation in the total amount of $117.85.

Upon a consideration of the facts before the court, and a personal inspection of the claimant who appeared in open court for the purpose, the court finds as follows:

1. That on May 9, 1938 claimant and respondent were operating under and bound by the provisions of the Workmen's Compensation Act of this State.

2. That on said date the claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given and claim for compensation on account thereof was made within the time required by the Compensation Act.

4. That the claimant was in the employ of the respondent for less than one year prior to the date of the injury; that his annual earnings computed in accordance with the provisions of the Workmen's Compensation Act, were $800.00; and his average weekly wage was $15.38.

5. That claimant at the time of the injury was thirty-seven years of age, and had four children under the age of sixteen years.

6. That all necessary first aid, as well as all medical, surgical and hospital services were furnished by the respondent.

7. That claimant was temporarily totally disabled from May 12, 1938 to November 15, 1938, and also sustained the loss, or the permanent and complete loss of the use, of the third finger of his right hand.

8. That claimant has been paid the sum of $117.85 to apply on the compensation due him.

9. That claimant is therefore entitled to have and receive from the respondent for temporary total disability as aforesaid, the sum of $14.00 per week for 26 5/7 weeks commencing May 12, 1938, to-wit, the sum of $374.00, in accordance with the provisions of Paragraphs (b) and (j) of Section 8 of the Workmen's Compensation Act, as amended; and is also entitled to have and receive from the respondent the further sum of $14.00 per week for twenty-five weeks for the loss, or the permanent and complete loss of the use of the third finger of his right hand, to-wit, the sum of $350.00, in accordance with the provisions of Paragraph (d) of Section 8 of the Workmen's Compensation Act;—in all, the sum of $724.00; that respondent is entitled to a credit of $117.85 for compensation paid to the claimant as hereinbefore set forth; that the net amount of compensation due claimant as aforesaid is $606.15; that all of such compensation has accrued prior to this date.

Award is therefore entered in favor of the claimant for the sum of Six Hundred Six Dollars and Fifteen Cents ($606.15.)

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the

Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "an Act making appropriations to the Auditor of Public Accounts for the disbursement of certain moneys until the expiration of the first fiscal quarter after the adjournment of the next regular session of the General Assembly" (Senate Bill 123 as amended) approved July 8, 1939;—and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for by the foregoing Acts.